# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ANN DALTON and AMBITCHOUS, LLC, a Utah limited liability company, | § | |
| | § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No. 4:26-cv-240 |
| | § | Judge Mazzant |
| PP HOLDINGS CO. INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Refer Case to Bankruptcy Court (Dkt. #142). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

In this case Plaintiffs Ann Dalton and Ambitchous, LLC (collectively, "Plaintiffs") seek to recover on a default judgment owed to Dalton by Perfectly Posh, LLC ("Perfectly Posh (Utah)"). Following a default judgement in Utah state court, Defendants transferred all asserts of Perfectly Posh (Utah) to Innov8tive Nutrition Inc. ("Innov8tive") who then transferred the asserts to PP Holdings, dba Perfectly Posh ("PP Holdings") (Dkt. #142 at p. 2). Perfectly Posh (Utah), Innov8ive, and PP Holdings are or were substantially owned or controlled by LaCore Enterprises ("LCE"), together or in conjunction with one or more of Defendants Terry LaCore, Jenifer Grace, and Anna Brooks.

Plaintiff filed suit in the Northern District of Texas asserting claims for fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), alter ego liability, civil conspiracy,

and tortious interference with an existing contract against Defendants LaCore Enterprises, Terry LaCore, Jenifer Grace, and Does 1 through 100 (Dkt. #6 at ¶¶ 92–112, 122–135). Plaintiff also asserts claims for tortious interference and civil conspiracy against Mike Lohner, and a claim for fraudulent transfer against Innov8tive and PP Holdings. In turn, Lohner brought counterclaims against Plaintiff Dalton for breach of contract, defamation, and tortious interference with prospective business relations. (Dkt. #46 at ¶¶ 50, 56–59, 64).

On January 31, 2025, Innov8tive filed for relief under Chapter 11 of the United States Bankruptcy Code in case number 25-40277, in the United States Bankruptcy Court, Eastern District of Texas, Sherman Division (the "Bankruptcy Case") (Dkt. #97-1 at p. 6). Following the filing of the Bankruptcy Case, Plaintiffs requested the Northern District transfer the entire case to the Eastern District in connection with the bankruptcy proceedings (Dkt. #97). On March 9, 2026, Judge Godbey granted Plaintiffs' request (Dkt. #140).

On April 27, 2026, Plaintiffs requested that this Court refer this entire action to the United States Bankruptcy Court for the Eastern District of Texas (Dkt. #142).

On May 11, 2026, Defendant Mike Lohner filed a Response to the Motion (Dkt. #144). On the same day, Defendants LaCore Enterprises ("LCE"), PP Holdings Co., Inc. ("PP Holdings"), Terry LaCore, Jenifer Grace, and Anna Brooks ("Brooks", and with LCE, PP Holdins, Lacore, and Grace, the "LCE Defendants") filed a Response to the Motion (Dkt. #145). On May 18, 2026, Plaintiffs replied (Dkt. #146).

## LEGAL STANDARD

Pursuant to the Bankruptcy Code, enacted in 1984, district courts may refer "cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title

11" to a bankruptcy court. 28 U.S.C. § 157(a). Section 157 provides that bankruptcy courts "may enter appropriate orders and judgments" in core proceedings. *Id.* For non-core proceedings, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge ... after reviewing de novo those matters to which any party has timely and specifically objected." *Id.* § 157(c)(1). The bankruptcy court may, however, issue a final judgment in non-core proceedings when all the parties have so consented. Id. § 157(c)(2).

Additionally, without the consent of the parties, a bankruptcy judge lacks the authority to conduct a jury trial. *In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994). However, "[t]he right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions." *Levine v. M&A Custom Home Builder & Dev.*, 400 B.R. 200, 203 (S.D. Tex. 2008).

## ANALYSIS

### I. Jurisdiction over Plaintiffs' Claims

The Court first considers whether Plaintiffs' claims against each of the Defendants are sufficiently "related to" the Bankruptcy Proceeding. In his order transferring the case to this Court pursuant to 28 U.S.C. § 1412, United States District Judge David Godbey found Plaintiffs' claims are related to the bankruptcy proceeding (Dkt. #140). The Court agrees with Judge Godbey's analysis and finds that Plaintiffs' claims are related to the bankruptcy proceeding.

The LCE Defendants do not dispute that the claims against them could be properly heard by a bankruptcy court (Dkt. $145 at p. 1). Rather, the LCE Defendants request that the Court avoid splitting the claims in this lawsuit across multiple forums to promote judicial economy, prevent inconsistent rulings, and allow for the fair and efficient resolution of the case (Dkt. #145 at p.1).

Therefore, the Court will next consider whether to keep all claims and counterclaims in one lawsuit or if severance of Defendant Lohner's Counterclaims is proper in this case.

Defendant Lohner argues that the counterclaims against Plaintiff Dalton are entirely distinct from the claims associated with Innov8tive's bankruptcy (Dkt. #144 at p.1). Plaintiffs argue that the claims are, at a minimum, "related to" the Innov8ive Bankruptcy within the meaning of 28 U.S.C. § 1334(b) (Dkt. #142 at p. 14). Judge Godbey has already determined "that at least some of the claims between Dalton and Lohner are sufficiently related to Innov8ive's bankruptcy proceedings" (Dkt. #140 at p. 9). The Court agrees with Judge Godbey's analysis and finds that Defendant Lohner's counterclaims are related to the bankruptcy proceeding.

Even though Defendant Lohner's counterclaims are sufficiently related to the bankruptcy proceeding, the Court must still consider whether referral is proper because a jury was requested in the matter (Dkt. #144 at p.8). Without the consent of the parties, a bankruptcy judge lacks the authority to conduct a jury trial. *In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994). However, "[t]he right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions." *Levine v. M&A Custom Home Builder & Dev.*, 400 B.R. 200, 203 (S.D. Tex. 2008). If a district court "decides that the bankruptcy judge should handle the pretrial matters or hear disputed issues of law, it can refer the case." *Crenshaw Enterprises, Ltd. v. Irabel, Inc.*, 2018 WL 618591, *14 (E.D. Tex. Jan. 18, 2018). Thus, the Court must consider whether it is proper to transfer Lohner's counterclaims to the bankruptcy court to handle pretrial matters or to sever the counterclaims.

Defendant Lohner asserts counterclaims against Plaintiff Dalton for breach of contract, defamation, and tortious interference with prospective business relations (Dkt. #144 at p.2). The

counterclaims are "purely state-law disputes between non-debtors" (Dkt. #144 at p.1). However, Lohner's counterclaims are factually intertwined with Plaintiffs' claims such that the Court finds that a single forum should hear both Plaintiffs' claims and Defendant Lohner's counterclaims. Transferring all claims and counterclaims to the bankruptcy court allows the court who will be familiar with the facts of the case to decide all pretrial dispositive motions to narrow the issues to be resolved at trial. Further, Judge Godbey has already considered and denied Lohner's argument to sever his claims (Dkt. #140 at p. 8).

Thus, the Court finds that referral under 28 U.S.C. § 157 is proper in this case. As to the non-core proceedings, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge … after reviewing de novo those matters to which any party has timely and specifically objected." *Id.* § 157(c)(1). Where a jury trial is demanded and the parties do not consent, the bankruptcy judge shall withdraw from this case following the resolution of pretrial proceedings.

## CONCLUSION

Pursuant to 28 U.S.C. § 157, the Court **REFERS** this case to the Honorable Brenda T. Rhoades, Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of Texas, for all further proceedings in this matter.

It is therefore **ORDERED** that Plaintiff's Motion to Refer Case to Bankruptcy Court (Dkt. #142) is hereby **GRANTED.**

Pursuant to 28 U.S.C. § 157(c)(1), the above-styled case is **REFERRED** to the Honorable Brenda T. Rhoades, United States Bankruptcy Judge, to conduct all pretrial proceedings, to enter

proposed findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. §157(c)(1).

**IT IS SO ORDERED.**

**SIGNED this 5th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE